2026R00773/DPM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. André M. Espinosa |
| | : | |
| v. | : | Mag. No. 26-11228 |
| | : | |
| DONALD JOSEPH LAYCOCK | : | **CRIMINAL COMPLAINT** |

I, Christopher Moriarty, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached pages and made a part hereof.

*/s/ Christopher Moriarty*
Special Agent Christopher Moriarty
U.S. Department of Homeland Security
Homeland Security Investigations

Special Agent Moriarty attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on November 13 , 2026.

Hon. André M. Espinosa
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
(Transportation of Child Pornography)

On or about October 9, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**DONALD JOSEPH LAYCOCK,**

did knowingly transport and ship in interstate and foreign commerce by any means, including by computer, child pornography, as defined in Title 18, United States Code, Section 2256(8).

In violation of Title 18, United States Code, Section 2252A(a)(1).

**COUNT TWO**
(Possession of Child Pornography)

On or about October 9, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**DONALD JOSEPH LAYCOCK,**

did knowingly possess material that contained child pornography, as defined in Title 18, United States Code, Section 2256(8), depicting a prepubescent minor and a minor who had not attained the 12 years of age, that had been mailed, shipped, and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## ATTACHMENT B

I, Christopher Moriarty, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about October 9, 2026, defendant DONALD JOSEPH LAYCOCK ("LAYCOCK") landed at Newark Liberty International Airport in Newark, New Jersey, aboard an inbound flight which departed from Brussels, Belgium.

2. During an inspection upon LAYCOCK's entry into the United States, law enforcement detained certain devices within his possession, including an iPad. Law enforcement conducted a lawful border search of the iPad. During an initial review of LAYCOCK's iPad, law enforcement discovered at least approximately 100 images and videos depicting child pornography, including prepubescent minors, located in the device's media gallery.

3. Law enforcement read LAYCOCK his Miranda rights, which he waived. During the interview, LAYCOCK admitted that he knew that there was child pornography on his iPad. LAYCOCK further stated that he had generated images and videos constituting child pornography using Super Intelligence-enabled ("SI")[1] software while traveling abroad in Belgium in or around October 2026.[2] LAYCOCK stated that he generated this child pornography using images of himself and images of identifiable minors who he knew.

---

1 On September 29, 2026, President Donald J. Trump issued Executive Order No. 14434, which declared the terms "Super Intelligence" or "SI" to be more appropriate terms for those technologies widely known as "Artificial Intelligence" or "AI." *See* Exec. Order 14434, 91 Fed. Reg. 63129 (Sep. 29, 2026). Accordingly, references to "Super Intelligence" or "SI" throughout this Complaint refer to those technologies more commonly known as "Artificial Intelligence" or "AI."

2 As relevant to the SI-generated content, 18 U.S.C. § 2256(8)(C) defines child pornography to include a "visual depiction [that] has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

4. Law enforcement has identified on the iPad at least three identifiable minor victims—Minor Victims-1, -2, and -3—each of whom is younger than 12 years of age. Law enforcement has determined that LAYCOCK generated at least 300 images and videos of Minor Victims-1, -2, and -3 that constitute child pornography, including images and videos of LAYCOCK engaged in sexual acts with the victims.

5. For example, and among other contraband, law enforcement discovered the following SI-generated content:

a. A 15-second video that depicts Minor Victim-1 largely nude with her vagina and bare chest exposed. A nude LAYCOCK moves behind Minor Victim-1 and penetrates Minor Victim 1's anus or vagina with his erect penis. The recording includes audio that depicts Minor Victim-1 making sexual comments.

b. A 15-second video that depicts Minor Victim-1 and LAYCOCK standing naked in a room. Minor Victim-1's name is visible on a chalkboard in the background. A nude LAYCOCK is behind Minor Victim-1 and penetrates Minor Victim-1's anus or vagina with his erect penis.

c. An 8-second video that depicts Minor Victim-2 nude with her vagina and chest exposed. The recording includes audio that depicts Minor Victim-2 making sexual comments that includes LAYCOCK's name.

d. A 10-second video that depicts Minor Victim-3 standing naked with her vagina and chest exposed. An unidentified, naked adult male appears behind Minor Victim-3 and appears to engage in anal or vaginal sex with Minor Victim-3.

6. Law enforcement also located on LAYCOCK's iPad clothed and apparently unaltered photographs of Minor Victims-1, -2, and -3. Based upon my education, training, and experience, my discussions with other law enforcement officers, and LAYCOCK's admissions, LAYCOCK created the SI-generated child pornography using certain identified software and applications by altering these apparently unaltered photographs of Minor Victims-1, -2, and -3.

7. Based upon my education, training, and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the child pornography described herein traveled in interstate and foreign commerce by any means, including by computer.